UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| DANIEL HUTT,<br>   Plaintiff,<br><br>   v.<br><br>GREGG SCOTT and<br>DANIELLE WALKER,<br>   Defendants. | )<br>)<br>)<br>)   15-CV-3132<br>)<br>)<br>)<br>)<br>)<br>) |

**MERIT REVIEW OPINION**

The pro se Plaintiff is detained in the Rushville Treatment and Detention Center and seeks leave to proceed in forma pauperis. The "privilege to proceed without posting security for costs and fees is reserved to the many truly impoverished litigants who, within the District Court's sound discretion, would remain without legal remedy if such privilege were not afforded to them." *Brewster v. North Am. Van Lines, Inc.*, 461 F.2d 649, 651 (7th Cir. 1972). Additionally, a court must dismiss cases proceeding in forma pauperis "at any time" if the action is frivolous, malicious, or fails to state a claim, even if part of the filing fee has been paid. 28 U.S.C. § 1915(d)(2). Accordingly, this Court grants leave to proceed in forma pauperis only if the complaint states a federal claim.

In reviewing the complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour,* 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "'state a claim for relief that is plausible on its face.'" *Alexander v. U.S.,* 721 F.3d 418, 422 (7th Cir. 2013)(quoted cite omitted).

Plaintiff is civilly detained in Rushville pursuant to the Illinois Sexually Violent Persons Commitment Act, 725 ILCS 207/1, *et seq*. Plaintiff alleges his constitutional rights were violated by Public Service Administrator Gregg Scott and Nursing Director Danielle Walker. The Plaintiff claims the Defendants intentionally put his safety in jeopardy because the facility is improperly storing razors, and then returning razors to the wrong residents. Plaintiff says he fears he could be infected with Methicillin–Resistant Staphylococcus aureus infection (MRSA), Acquired Immune Deficiency Syndrome (AIDS), Hepatitis, or some other disease.

Unfortunately, many of the Plaintiff's allegations refer to what other residents have seen or heard. The Plaintiff must specifically

allege how the Defendants have violated his constitutional rights and what impact the razor storage has on him specifically.

In addition, the Plaintiff alleges Nursing Director Walker was informed of the problem and spoke with security staff who assured her the razors were properly stored. Therefore, the Plaintiff has not clearly articulated how Nurse Walker is responsible for his claims.

The Plaintiff seems to allege specific individuals are intentionally giving residents the wrong razors, but he has failed to name any of these individuals as Defendants. It is not clear from the Plaintiff's complaint whether he can articulate a violation of his constitutional rights based on the improper storing of razors, nor does it appear the Plaintiff has named the proper Defendants. Therefore, the court will dismiss the Plaintiff's complaint, but will allow him an opportunity to file an amended complaint clarifying his claims. *See Donald v Cook County Sheriff's Dept.*, 95 F.3d 548, 555 (7th Cir. 1996)("district courts have a special responsibility to construe pro se complaints liberally and to allow ample opportunity for amending the complaint when it appears that by so doing the pro se litigant would be able to state a meritorious claim.") The Plaintiff must state what he has observed concerning the storing of

razors.  In addition, he must indicate when the problems took place, who was involved, and how it specifically impacts him.

**IT IS ORDERED:**

1.  Plaintiff's complaint is dismissed for failure to state a claim.  However, the court will allow the Plaintiff 30 days to file an amended complaint clarifying his claims.  If Plaintiff fails to file his amended complaint on or before August 17, 2015 or fails to follow the court's specific directions, his case will be dismissed.

2.  The clerk of the court is directed to reset the internal merit review deadline for August 31, 2015.

ENTERED:  July 20, 2015

FOR THE COURT:

                              s/Sue E. Myerscough
                            _____
                                SUE E. MYERSCOUGH
                            UNITED STATES DISTRICT JUDGE